1  Steven L. Marchbanks, Esq., Bar No. 214686
   PREMIER LEGAL CENTER, A.P.C.
2  1055 Torrey Pines Rd. Ste. 205
   La Jolla, CA 92037
3  Telephone:  (619) 235-0137
   Facsimile:   (619) 235-3300
4
5  Attorney for Plaintiffs

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| TODD ALLARD, an individual, CHRIS BROWNFIELD, an individual, RON BRUSHI, an individual, BARBARA LEE, an individual, and HUBER MADSEN, an individual,<br><br>        Plaintiffs,<br><br>     v.<br><br>KIA AMERICA, INC., and DOES 1 through 10, inclusive,<br><br>        Defendants.<br>_____ | **CASE NO:**<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1.  Breach of Express Warranty (Song-Beverly Consumer Warranty Act,** *Civil Code* **§1791)**<br><br>**2.  Breach of Implied Warranty (Song-Beverly Consumer Warranty Act,** *Civil Code* **§1791)**<br><br>**3.  Breach of the California Unfair Competition Law (Cal. Bus. & Prof. Code §17200)**<br><br>**4.  Breach of the California Consumer Legal Remedies Act (Cal. Civ. Code §1750, et. seq.)** |

-1-
COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs TOD ALLARD, an individual, CHRIS BROWNFIELD, an individual, RON BRUSHI, an individual, BARBARA LEE, an individual, and HUBER MADSEN, an individual, (referred to herein as "Plaintiffs") file this Complaint and allege as follows:

## THE PARTIES

1. Plaintiff Tod Allard resides in Glendive, Montana. Plaintiff Chris Brownfield resides in Kalispell, Montana. Plaintiff Ron Brushi resides in Havre, Montana. Plaintiff Barbara Lee resides in Billings, Montana. Plaintiff Huber Madsen resides in Billings, Montana.

2. Defendant KIA AMERICA, INC. ("Defendant" or "Kia") is incorporated and headquartered in the state of California with its principal place of business at 111 Peters Canyon Road Irvine, California 92606.

3. The true names and capacities of Defendants sued herein under *Code of Civil Procedure* Section 474 as DOES 1 through 10, inclusive, are presently unknown to Plaintiffs who will seek to amend this Complaint to include these DOE Defendants when they are identified.

4. At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant. In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission, and authorization of each of the other Defendants.

## JURISDICTION IS PROPER UNDER § 1332(a)

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), which grants federal district courts original jurisdiction of all civil actions where (1) the action is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, this action satisfies both requirements.

6. **There is Complete Diversity of Citizenship.** Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v Kroger, 437 U.S. 365, 373 (1978).

7. Plaintiffs are citizens and residents of the state of Montana.

8. Defendant Kia is incorporated and headquartered in the state of California with

-2-
COMPLAINT AND DEMAND FOR JURY TRIAL

its principal place of business at 111 Peters Canyon Road Irvine, California 92606.  Therefore, Kia is a citizen of the state of California.

9. Because Plaintiffs are citizens of Montana and Defendant Kia is a citizen of California, there is complete diversity of citizenship in this action as required by §1332(a).

10. **The Amount In Controversy Exceeds $75,000.**  Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  Based on each Plaintiff's claim for civil penalties, restitution, rescission and attorneys' fees, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, thereby vesting this Court with jurisdiction under 28 U.S.C. § 1332(a).  In addition, each Plaintiff asserts a claim for punitive damages, which is included in determining the amount in controversy for subject matter jurisdiction, Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943).  Furthermore, for purposes of determining the amount in controversy the court should consider not just attorneys' fees incurred to date, but the possible attorneys' fees that will be incurred during the court of the litigation.  Fritsch v. Swift Transp. Co. of Ariz, LLC, 889 F.3d 785, 794 (9th Cir. 2018).

11. Defendant Kia is subject to personal jurisdiction in California because it is headquartered in the State of California; has consented to jurisdiction by registering to conduct business in California; has sufficient minimum contacts with California; and is authorized to do and does business in California.

## VENUE IS PROPER UNDER § 1391

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, transactions, and conduct giving rise to the claims occurred in and emanated from this District.  Further, Defendant Kia is headquartered and transacts business in this District.

## GENERAL ALLEGATIONS

13. This case arises from Plaintiffs' claim that Defendant Kia purposefully and intentionally breached the laws of the state of California by failing to provide Plaintiffs with safe vehicles and failing to warn and to fix Plaintiffs' vehicles from a known defect that poses serious safety issues.

14.     Based on information and belief, Plaintiffs alleges that certain Kia vehicles, including, but not limited to, 2011-2019 Kia Optima, 2012-2019 Kia Sorento, 2012-2019 Kia Soul, and 2011-2019 Kia Sportage, suffer from an engine defect, related to connecting rod bearing failure within the rotating assembly of the engine, that can cause engine seizure, stalling, engine failure, and engine fire (the "engine defect").  Plaintiffs also alleges that engine seizure or stalling can be dangerous if experienced.

15.     On or around August 19, 2020, Plaintiff Tod Allard purchased a 2015 Kia Forte, Vehicle Identification Number KNAFX5A89F5290335, which was manufactured, distributed, and/or sold by Defendant.  On or about October 31, 2020, Plaintiff Chris Brownfield purchased a 2017 Kia Soul, Vehicle Identification Number KNDJN2A27H7885057, which was manufactured, distributed, and/or sold by Defendant.  On or about April 10, 2022, Plaintiff Ron Bruschi purchased a 2015 Kia Soul, Vehicle Identification Number KNDJX3A54F7803048, which was manufactured, distributed, and/or sold by Defendant.  On or about November 5, 2022, Plaintiff Barbara Jo Lee purchased a 2015 Kia Forte, Vehicle Identification Number KNAFK4A64F5277077, which was manufactured, distributed, and/or sold by Defendant.  On or abobut March 2015, Plaintiff Huber Madsen purchased a 2015 Kia, Vehicle Identificcation Number KNAFX4A88FS335551, which was manufactured, distributed, and/or sold by Defendant.  (Hereinafter, referred to collectively as the "Subject Vehicles").  Based on information and belief, Plaintiffs allege that the Subject Vehicles contain the engine defect.

16.     At the time of purchase, Defendant provided Plaintiffs with an express warranty concerning the manufacture, operation, and performance of the Subject Vehicles, upon which Plaintiffs reasonably relied upon when deciding to purchase the Subject Vehicles.

17.     The Subject Vehicles contain significant and/or excessive nonconformities which significantly impairs its use, value, and/or safety.  Such defects/nonconformities include but are not limited to the engine defect that can cause engine seizure, stalling, engine failure, and engine fire, which can be dangerous if experienced.

18.      Defendant has been unable to correct the engine defect, which substantially impairs the use, value, and/or safety of the Subject Vehicles.

19. Further, Defendant Kia breached its express and implied warranties and refuses to comply with its obligations under the California Song-Beverly Consumer Warranty Act.

20. Plaintiffs have incurred and continue to incur significant damage as a result of the engine defect/nonconformities and Defendant's failure to honor the applicable express warranties. Such damages include, but are not limited to, actual, special, consequential damages, and loss of use of the Subject Vehicles.

## FIRST CAUSE OF ACTION

**Breach of Express Warranty- Song-Beverly Consumer Warranty Act (*Cal. Civil Code* § 1790 *et seq.*)**

21. Plaintiffs hereby incorporate by reference and re-allege each of the allegations contained in the foregoing paragraphs 1 through 20, inclusive, as though fully set forth in this cause of action.

22. Plaintiffs are "purchaser(s)" as defined under the Song-Beverly Consumer Warranty Act (*Civil Code* §1791).

23. Defendant Kia is a "manufacturer" and "distributor" as defined under *Civil Code* §1791.

24. Plaintiffs' purchase of the Subject Vehicles were accompanied by an express written warranty.

25. The Subject Vehicles have numerous defects and nonconformities covered by the express terms of the warranty which manifested within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the Subject Vehicles to a reasonable person in Plaintiffs' situation.

26. Plaintiffs delivered the Subject Vehicles to Defendant and/or its authorized repair facility for repairs in attempts to have the existing express warranties satisfied.

27. Defendant and/or its authorized repair facilities failed to repair the defect and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, has failed to comply with and breached all applicable warranty requirements.

28. Despite its breach of express warranties, Defendant has refused and continues to

1 refuse to promptly comply with Plaintiffs' demand for a refund or replacement of the Subject
2 Vehicles.

3     29.    As a result of Defendant's failure to remedy the defects as alleged above and
4 promptly issue a refund or replacement of the Subject Vehicles, Defendant is in breach of its
5 obligations under the Song-Beverly Consumer Warranty Act.

6     30.    Defendant's continuing breach of its obligations as set forth herein is willful
7 pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendant is liable to
8 Plaintiffs for civil penalties in an amount to be proven at trial. Defendant is also liable for
9 Plaintiffs' attorneys' fees and costs incurred.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty- Song-Beverly Consumer Warranty Act (*Civil Code* § 1790 *et seq*.)**

13     31.    Plaintiffs hereby incorporate by reference and re-allege each of the allegations
14 contained in the foregoing paragraphs 1 through 30, inclusive, as though fully set forth in this
15 cause of action.

16     32.    At all times relevant, Defendant appended to the purchase of the Subject Vehicles
17 a written warranty in the form of a written statement pursuant to which it undertook to preserve
18 or maintain the utility or performance of said Subject Vehicles.

19     33.    Plaintiffs purchase of the Subject Vehicles were accompanied separately,
20 individually, and respectively by Defendants, and each of them, with an implied warranty that
21 the Subject Vehicles were merchantable.

22     34.    At the time of purchase, Defendant was in the business of manufacturing,
23 distributing, and/or selling motor vehicles.

24     35.    Defendant breached its respective warranties as implied in said purchase of the
25 Subject Vehicles in that the Subject Vehicles had numerous defects and nonconformities
26 requiring multiple repairs and preventing Plaintiffs from using the Subject Vehicles for their
27 intended purpose. As a result thereof, Plaintiffs did not receive merchantable goods as impliedly
28 warranted by Defendant; Plaintiffs Subject Vehicles were not the same quality as those generally

acceptable in the trade; nor did the Subject Vehicles measure up to the promises or representations stated in the applicable express warranties.

36. Plaintiffs incurred out-of-pocket expenses to have the Subject Vehicles repaired and serviced to attempt to conform the Subject Vehicles to Defendant's express warranty. Plaintiffs have incurred repair costs in amounts according to proof at time of trial.

37. As a further proximate result of Defendant's willful failures to comply with its obligations to Plaintiffs, Defendant is liable for Plaintiffs' attorneys' fees, costs, and civil penalties.

## THIRD CAUSE OF ACTION

**Breach of California Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq*.)**

38. Plaintiffs hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 37, inclusive, as though fully set forth in this cause of action.

39. The California Unfair Competition Law (the "UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

40. Defendant engaged in unfair competition and unfair, unlawful or fraudulent business practices by knowingly and intentionally concealing the engine defect and its safety risks from Plaintiffs. Defendant should have disclosed this information because they were in superior position to know the true facts related to the engine defect and Plaintiffs could not reasonably be expected to learn or discovery the true facts related to the engine defect.

41. The engine defect could cause inadequate engine oil lubrication which poses a risk for engine failure and fire, constituting a major safety issue that triggered Defendant's duty to disclose the safety issue and risk to consumers.

42. Defendant's failure to disclose the engine defect to Plaintiffs is a breach of Defendant's duty to disclose these material facts, violated the UCL, and caused injury to Plaintiffs. Defendant's omissions and concealment pertained information that was material to

1  Plaintiffs.

2  43.  Defendant's acts and practices are unlawful because they violate California Civil
3  Code §§ 1668, 1709, 1710, and 1750, *et seq*., and California Commercial Code § 2313.

4  44.  Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts or practies
5  by Defendant, to otain restitutionary disgorgement of all monies an drevenues generated as a
6  result of such practices, and all other relief allowed under California Business & Professions
7  Code § 17200.

## FOURTH CAUSE OF ACTION

**Violation of the California Consumer Legal Remedies Act ( "CLRA") (Cal. Civ. Code § 1750, *et seq.*)**

11  40.  Plaintiffs incorporates by reference and realleges each of the allegations set forth
12  in the preceding paragraphs.

13  44.  The Subject Vehicles are "good(s)" as defined by Civil Code § 1761(a).

14  45.  Defendant is a "person" as defined by Civil Code § 1761(c).

15  46.  Plaintiffs are consumer as defined by Civil Code § 1761(d) who purchased the
16  Subject Vehicles for personal, family, and household purposes.

17  47.  The purchase by Plaintiffs of the Subject Vehicles are "transaction(s)" as
18  defined by Civil Code § 1761(e).

19  48.  Under the CLRA, Civil Code § 1770, et seq., the following methods of
20  competition are unlawful when any person in a transaction intended to result or which results in
21  the sale or lease of goods or services to any consumer:

22  a. Representing that goods…have sponsorship, approval, characteristics,
23  ingredients, uses, benefits, or quantifies which they do not have.  Civil
24  Code § 1770(a)(5).

25  b. Representing that goods…are of a particular standard, quality, or grade,
26  or that goods are of a particular style or model, if they are of another.  Civil
27  Code § 1770(a)(7).

28  c. Inserting an unconscionable provision in the contract.  Civil Code §

1770(a)(19).

49. Defendant violated Civil Code §§ 1770(a)(5) and (a)(7) when it represented, through advertising and other express representations that the Vehicle had benefits or characteristics that they did not actually have and were of a certain standard or quality, when they were not.

50. Had Plaintiffs known that the representations and warranties made by Defendant concerning the Subjecct Vehicles were false, Plaintiffs would not have purchased the Subject Vehicles or would have paid significant less for the Subject Vehicles.

51. Plaintiffs served Defendant with notice of its violations of the CLRA pursuant to Civil Code § 1782 (the "Notice") by certified mail on or about September 13, 2023. Defendant failed to provide or offer to provide remedies for its violations of the CLRA within thirty (30) days of the date of the Notice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For general, special, and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For incidental and consequential damages according to proof at trial;
4. For a civil penalty in an amount of two times Plaintiff's actual damages;
5. For prejudgment interest at the legal rate;
6. For reasonable attorney's fees and costs of suit; and
7. For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

52. Plaintiff demands a jury trial on all triable issues.

Dated:   January 6, 2024         PREMIER LEGAL CENTER, A.P.C.

By: _____
Steven L. Marchbanks, Esq.
*Attorney for Plaintiff*